McCALEB, Justice.
 

 A writ of certiorari was granted in the instant proceeding on the application of Muller to consider the legality of the filing in the district court of a supplemental and amending petition in a suit previously dismissed on an exception of no cause of action by judgment of this Court. See Hayes v. Muller (on rehearing) 245 La. 356, 158 So.2d 191.
 

 In June, 1960, Hayes and Knox instituted suit against Muller for the recovery of their alleged share of the profits derived by Muller from the sale of an oil and gas lease purchased in his name. The basis asserted for recovery was an alleged oral agreement between plaintiffs and Muller to acquire mineral royalties and leases for their common benefit. As these royalties and
 
 *937
 
 leases are classified as real rights under R.S. 9:1105 and cannot be proved by parol evidence, we found that plaintiffs had no legal cause of action on such a contract. Hence, on rehearing, we reinstated the judgment of the district court “ * * * maintaining the exception of no cause of action and dismissing the suit” and made it the judgment of this Court.
 

 After rendition of this judgment, plaintiffs applied for a second rehearing alleging that “Should the Court reaffirm that the joint adventure herein cannot be proved by parol and accordingly, that plaintiffs are not entitled to an accounting, nevertheless, plaintiffs should be allowed to introduce parol evidence together with any available written evidence to recover in quantum meruit for the value of their services rendered and value of the information indulged (sic) to and utilizied by defendant” and “In the alternative, counsel for plaintiffs pray that a rehearing be granted herein so that the order of this court may be amended by allowing this suit to be remanded for amendment rather than dismissal. * * ”
 

 The application for a second rehearing was denied. Notwithstanding this plaintiffs filed in the district court, in the same dismissed proceeding, a pleading, styled as a supplemental and amending petition, seeking recovery of $600,000 from Muller on a quantum meruit or quasi contract basis for geological information, technical knowledge and services claimed to have been rendered in connection with the securing and sale of the mineral lease involved in the original demand.
 

 Following unsuccessful efforts by his counsel to obtain a mandamus ordering the Clerk of Court to expunge from the records the supplemental and amending petition and also to secure an injunction to restrain plaintiffs from proceeding further in the dismissed proceeding, Muller then contested the legality of the supplemental petition by interposing an exception of res judicata, a motion to strike and dismiss, a rule to show cause and an exception of no cause or right of action.
 

 The motions were denied and the exceptions were overruled by the district judge, whereupon, Muller applied to the Court of Appeal, Third Circuit, for remedial writs. When his application was refused by that court, he invoked our supervisory jurisdiction. The application was granted and the matter has been argued and submitted for our determination.
 

 Muller contends (1) that the judgment of this Court, which affirmed the dismissal of plaintiff’s suit against him on an exception of no cause of action, is a final judgment and res judicata of the action now sought to be asserted by plaintiffs in their supplemental and amending petition; (2) that the perfection of the original appeal by plaintiffs in this case divested the district court of jurisdiction under Article
 
 *939
 
 2088' C.C.P.; (3)' that the judgment of this Court dismissing this matter without condition is a final judgment and, consequently, the action ceased to exist and there remains no suit in which to file any pleading.
 

 We find it essential only to consider the first and third points.
 

 The first contention that our first judgment herein is res judicata of the cause of action plaintiffs now seek to assert is without merit. The prior judgment, which we affirmed, dismissed plaintiffs’ suit on an exception of no cause of action based on the ground that parol proof was inadmissible to establish a verbal agreement between the parties to buy and sell mineral royalties and leases. The effect of that judgment was to adjudicate forever any claim between these same parties based upon the oral agreement pleaded in the case. Article 1673 C.C.P. provides, in part: “A judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial.”
 
 [1]
 
 However, although the judgment of dismissal is res judicata of the cause of action therein alleged on a verbal contract, it is not res judicata of plaintiffs’ present demand for recovery against Muller on a quantum meruit basis as this claim is clearly independent of the cause previously asserted in this suit and has never been adjudicated. Hope v. Madison, 194 La. 337, 193 So. 666; Leadman v. First National Bank,
 
 198
 
 La. 466, 3 So.2d 739 and cases cited therein. See also Quarles v. Lewis, 226 La. 76, 75 So.2d 14.
 

 On the other hand, Muller’s third contention is well founded and should have been sustained below. For, here, plaintiffs are attempting, by the improper use of alternative pleading, to assert another cause of action in a previous suit between the same parties that has already been disposed of by final judgment. The so-called supplemental and amending petition neither supplements nor amends the previously filed petition nor can it be regarded as an alternative demand since there is no existing demand to supplement and no other' remaining principal demand onto which it can be hinged.
 

 It is well recognized, of course, in the jurisprudence, and specifically provided by Article 892 of the Code of Civil Procedure, that a petition may set forth two or more causes of action in the alternative “ * * even though the legal or factual bases thereof may be inconsistent or mutually exclusive. * * * ” And it is also permissible under Article 1151 C.C.P. for a plaintiff to amend his petition without leave of court at any time before the answer thereto is served. But these provisions presuppose that, when an alternative pleading or an amendment to a petition is filed, there is an original petition or a main demand in esse at the time the alternative demand is
 
 *941
 
 proffered or when the amendment is made. Here,-there was no petition for plaintiffs to amend and no suit in which an alternative demand could be made. For that suit had previously been dismissed; the judgment had become final and the main demand was no longer extant so that the subsequent demand could not procedurally become an alternative demand.
 

 Counsel for the plaintiffs argue, and the trial judge was under the impression, that Article 934 C.C.P., which is partially declaratory of the liberality of amendment of pleadings characterizing the modern trend of our jurisprudence,
 
 [2]
 
 grants plaintiffs the right to file a supplemental petition stating an alternative cause of action in a suit wherein the principal and only demand previously alleged has been dismissed on an exception of no cause of action. But a reading of Article 934 discloses that its provisions plainly require a rejection of counsel’s contention and the view of the district judge. It states:
 

 “When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court.
 

 If the grounds of the objection cannot be so
 
 removed, or if plaintiff fails to comply with the order to amend,
 
 the action shall be dismissed.”
 
 (Italics ours).
 

 It is seen that the foregoing article is merely declaratory of the appropriaté action to be taken by the district court in disposing of cases on peremptory exceptions. In cases where the peremptory exception is sustained by reason of insufficiency of allegations, the 'judge should permit an amendment to the petition whenever possible. Conversely, if the objection to the petition, as in this case (proof of an oral agreement to purchase mineral royalties and leases), cannot be removed, the judge is obliged, as the article plainly states, to dismiss the action. And when the action was dismissed that was the end of the case; it was then finally closed and, when plaintiffs instituted the present demand, they could not procedurally assert it by way of a so-called amending petition. Their remedy is to file a new and separate suit.
 

 For the reasons assigned, the ruling of the trial judge is reversed; the writ heretofore issued is made peremptory and it is now ordered that the supplemental and amending petition filed by plaintiffs in this proceeding be and it is dismissed, at plaintiffs’ cost.
 

 SUMMERS, J., takes no part.
 

 [1]
 

 . See also C.C.P. Articles 1841,1842, 1844 and particularly Article 934.
 

 [2]
 

 . See, among other eases, Reeves v. Globe Indemnity Co. of New York, 185 La. 42, 168 So. 488 (1936); Reagor v. First Nat. Life Ins. Co., 212 La. 789, 33 So.2d 521 (1948) and Douglas v. Haro, 214 La. 1099, 39 So.2d 744 (1949).