DIXON, Judge.
This appeal is from a judgment sustaining a peremptory exception of no cause of action. In his opinion, the trial judge specifically denied the plaintiffs the right to amend their petition, which they had requested. The judgment signed dismissed the plaintiffs’ case “with prejudice.”
*211 Plaintiffs developed subdivisions and entered into a written agreement with representatives of the City of Bossier City, under which the city was to refund the plaintiffs a portion of the cost of installing certain utilities.
Defendant’s exception maintained that the contracts sued on were illegal because of the absence of a resolution by the city council authorizing the contracts and because of the failure to comply with certain statutory requirements.
On argument, plaintiffs informed the trial court that, in the event the court sustained the exception, plaintiffs desired to amend the petition in order to proceed against the city on a quantum meruit theory.
Article 934 of the Code of Civil Procedure provides as follows:
“When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.”
In the words of C.C.P. 934, plaintiffs contend that they can remove the grounds of the objection to their petition.
The defendant city relies on the case of Hayes et al. v. Muller, 248 La. 934, 183 So. 2d 310. That case was on a writ of certi-orari to the Supreme Court from the district court’s ruling on exceptions to a supplemental and amended .petition. Hayes sued Muller to recover profits derived by Muller from the sale of an oil and gas lease. The basis of the suit was an oral agreement between plaintiffs and Muller to acquire mineral interests for their common benefit. The Supreme Court held that mineral rights were real rights and could not be proved by parol evidence. The Supreme Court reinstated the judgment of the district court which had sustained an exception of no cause of action and had dismissed the suit. On application for a second rehearing, plaintiffs made alternative arguments that, if the joint venture could not be proved by parol, plaintiffs should be allowed to introduce parol evidence to recover in quantum meruit for the value of their services rendered, or, further in the alternative, that the case be remanded by the Supreme Court. The Supreme Court denied the second rehearing. Thereafter, the plaintiffs filed in the district court in the same suit a pleading described as a supplemental and amending petition, seeking recovery from the defendant on a quantum meruit or quasi contract basis for information and services rendered. The trial court overruled exceptions to this “supplemental” petition, but the Supreme Court reversed. In its opinion, the Supreme Court held that the demands in the original and the “supplemental” petitions were different. Although the Supreme Court held that the pleading was not subject to an exception of res judicata, the court did say that, when the “supplemental” petition was filed, there was no petition and no suit in existence in which plaintiffs could make their alternative demand, the judgment dismissing the main demand having become final.
The Supreme Court found that C.C.P. 934 was not applicable, stating at 183 So.2d 313:
“In cases where the peremptory exception is sustained by reason of insufficiency of allegations, the judge should permit an amendment to the petition whenever possible.”
Clearly, Hayes v. Muller does not contemplate the action of the trial court in the case before us. The judgment of the district court should have ordered the amendment within a delay fixed by the court, on penalty of dismissal of the action.
The judgment appealed from is reversed, and the case is remanded to the district court for proceedings not inconsistent with this opinion. The defendant is cast with costs of this appeal.