295 So.2d 826 (1974)
Marion PIERROTTI, Jr., Plaintiff-Appellant,
v.
LIFE INSURANCE COMPANY OF the SOUTHWEST, Defendant-Appellee.
No. 4547.
Court of Appeal of Louisiana, Third Circuit.
May 24, 1974.
Rehearing Denied June 26, 1974.
Writ Refused September 13, 1974.
*827 Tate & Tate, by Donald J. Tate, Mamou, for plaintiff-appellant.
Plauché, Smith & Hebert, by James R. Nieset, Lake Charles, for defendant-appellee.
Before CULPEPPER, MILLER and WATSON, JJ.
WATSON, Judge.
This is an appeal from a judgment granting a motion for summary judgment on behalf of the defendant, Life Insurance Company of the Southwest. The plaintiff, Marion Pierrotti, Jr., filed suit for a declaratory judgment on the medical and surgical benefits contained in a health and accident insurance policy issued by the defendant.
There is no dispute as to the facts. For some time prior to May 10, 1969, plaintiff was employed by the Halliburton Company. On that date he was injured in a non-occupational motorcycle accident which immediately disabled him and he has been unable to return to his work. At the time of the accident, plaintiff was a certificate holder under a policy of group accident and health insurance issued by defendant to his employer, both the policy and plaintiff's certificate being included as exhibits in the record of this proceeding.
As a result of the accident on May 10, 1969, plaintiff was totally disabled for a period continuing at least until May 19, 1970, and for sometime thereafter. For purposes of insurance coverage, plaintiff's employer elected, as it was entitled to do under the terms of the policy, to continue his employment until May 19, 1970.
The plaintiff did not avail himself of the conversion privilege provided by the insurance policy and, under its terms, the policy terminated on May 19, 1970.
The defendant has paid substantial benefits under the policy but contends that its responsibility for hospitalization and surgical benefits terminates ninety days after May 19, 1970; and its responsibility for major medical benefits terminates one year after May 19, 1970, all as provided by the policy.
Plaintiff, however, contends that he is entitled to hospital expense benefits, as provided by the policy, for injuries resulting from his accident without limitation as to time; to surgical expense benefits, as provided by the policy, for injuries resulting from his accident without limitation as to time; and to major medical expense benefits, for injuries resulting from his accident, as provided by the policy without limitation as to time. The issue, therefore, is whether plaintiff is entitled to these benefits as he contends.
The defendant insurer contends that the policy provides clearly for the time limitations on the hospital expense benefits, surgical expense benefits and major medical benefits; that these provisions are not ambiguous; and that they are not contrary to any public policy of the State of Louisiana.
We have reviewed the provisions of the insurance policy in question and we have found clear and unambiguous provisions relating to the extension of benefits following the termination of insurance. As to hospital expense benefits, the policy provides at page 18, as follows:
"Extension of Benefits: If insurance with respect to a covered family member under this Title terminates while such person is totally disabled, any benefit provided under this Title for that covered family member, but for no other covered family member, will, during the uninterrupted continuance of such total disability, continue to be available as to expenses incurred in connection with any hospital confinement which commences during the period of 90 days following the date such termination of insurance occurs."
Plaintiff was not hospitalized at the time of the termination of insurance and he was not hospitalized at any time during the ninety days following the termination of insurance. Therefore, we conclude that, by the clear terms of the policy, his coverage concluded ninety days following the termination of insurance.
*828 As to surgical expense benefits, the policy provides at page 22, as follows:
"Extension of Benefits: If insurance with respect to a covered family member under this Title terminates while such person is totally disabled, any benefit provided under this Title for that covered family member, but for no other covered family member, will continue to be available as to expenses incurred during the uninterrupted continuance of such total disability but not beyond a period of 90 days following the date such termination of insurance occurs."
Under the terms of the policy the period for payment of surgical expense benefits has expired, as contended by defendant.
As to major medical expense benefits, the policy provides at page 34, as follows:
"Extension of Benefits: If insurance with respect to a covered family member terminates while such person is totally disabled and before benefits aggregating such person's Maximum Benefit become payable with respect to such person, any benefits provided under this Title for that covered family member, but for no other covered family member, will continue to be available as to expenses incurred during the uninterrupted continuance of such total disability but not beyond the period of twelve months immediately following such termination of insurance and in no event beyond the date the covered family member becomes insured under any other group policy, whether issued by the Insurance Company or any other insurer, for benefits of a type similar to that provided for in this Title."
The major medical benefits also have expired, as contended by the insurer.
The law is clear that:
"... in the absence of conflict with statute or public policy, insurers may by unambiguous and clearly noticeable provisions limit their liability and impose such reasonable conditions as they wish upon the obligations they assume by their contract." Livingston Par. Sch. Bd. v. Fireman's Fund Am. Ins. Co., 282 So.2d 478, 481 (La.1973).
"In such event, unambiguous provisions limiting liability must be given effect." Snell v. Stein, 261 La. 358, 259 So.2d 876, 878 (1972).
We have been cited to no statute contrary to the provisions of the insurance policy in question. Likewise, no public policy has been called to our attention and we are aware of none which would preclude the enforcement of the policy provisions relied upon by defendant.
Therefore, we conclude that the trial court was correct in finding by declaratory judgment that plaintiff is entitled to no benefits beyond the time limits stated in the policy.
Costs of the appeal are taxed against plaintiff-appellant.
Affirmed.