409 So.2d 700 (1982)
Joe E. BARNES
v.
COMBINED INSURANCE COMPANY OF AMERICA.
No. 12256.
Court of Appeal of Louisiana, Fourth Circuit.
January 12, 1982.
E. Phelps Gay, Christovich & Kearney, New Orleans, for defendant-appellee.
Marvin C. Grodsky, New Orleans, for plaintiff-appellant.
Before SCHOTT, GARRISON and KLEES, JJ.
KLEES, Judge.
Mr. Joe E. Barnes, plaintiff-appellant, was injured on April 18, 1979 at work. He was later hospitalized at Mercy Hospital in New Orleans from September 30, 1979 to October 12, 1979.
Mr. Barnes proceeded to file a claim for insurance benefits with the defendant insurer but his claim was denied because his *701 hospital confinement did not occur within 90 days of the date of the accident.
After the plaintiff filed suit seeking hospitalization benefits and penalties pursuant to R.S. 22:657 the defendant moved for a Summary judgment. The judgment was rendered in favor of the defendant on September 9, 1980.
Soon thereafter, on September 12, 1980, the plaintiff moved for a new trial and the motion was heard on September 24, 1980. Two days later the plaintiff filed an amending and supplemental petition seeking leave of court to amend and transfer jurisdiction of the case to the Civil District Court in and for the Parish of Orleans. The trial court granted leave of court to amend the suit and transferred the jurisdiction of the case to the Civil District Court on September 29, 1980. However, on October 8, 1980, the trial court signed an order dismissing the plaintiff's motion for a new trial and declared his order of September 29, 1980 to be null and void.
The plaintiff's appeal is based upon the following allegations: (1) that the order of September 29, 1980 divested the court of jurisdiction and with that in mind, the court did not have the authority to sign the order of October 8, 1980 which denied the motion for a new trial and declared the order of September 29, 1980 null and void; (2) that the summary judgment was improperly granted; and (3) that the trial judge abused his discretion when he failed to grant plaintiff's motion for a new trial.
Did the order of September 29, 1980 divest the trial court of jurisdiction? A similar issue was presented in Hayes v. Muller, 248 La. 934, 183 So.2d 310 (1966). There, as in the present case, the plaintiff's suit was dismissed and the plaintiff thereafter filed in the district court in the same dismissed proceeding, a pleading styled as a supplemental and amending petition. In reversing the trial judge's granting of leave to file the amending petition the court stated,
"It is well recognized, of course, in the jurisprudence, and specifically provided by Article 892 of the Code of Civil Procedure, that a petition may set forth two or more causes of action in the alternative, `... even though the legal or factual bases thereof may be inconsistent or mutually exclusive...' And it is also permissable under Article 1151 C.C.P. for a plaintiff to amend his petition without leave of court at any time before the answer thereto is served. But these provisions presuppose that, when an alternative pleading or an amendment to a petition is filed, there is an original petition or a main demand in esse at the time the alternative demand is proffered or when the amendment is made. Here, there was no petition for plaintiffs to amend and no suit in which an alternative demand could be made. For that suit had previously been dismissed; the judgment had become final and the main demand was no longer extant so that the subsequent demand could not procedurally become an alternative demand."
The reasoning of the court in Hayes is applicable to the present suit. Here, the trial court erred when it granted leave to amend the suit since the original petition was dismissed. We can find no error in the trial court's order of October 8, 1980 declaring its own order of September 29, 1980 null and void. Was summary judgment properly granted? Our Supreme Court in Thornhill v. Black, Sivalls & Bryson, Inc., 394 So.2d 1189 (La.1981) recognized what was required to successfully obtain a summary judgment:
"It is well settled that a motion for summary judgment should be granted, if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966; Employers' Surplus Line Ins. Co. v. City of Baton Rouge, 362 So.2d 561 (La.1978); Andrew Development Corp. v. West Esplanade Corp., 347 So.2d 210 (La.1977); Morgan v. Matlack, Inc., 342 So.2d 167 (La.1977); Stallings v. W. H. Kennedy & Son, Inc., 332 So.2d 787 (La.1976). Only when reasonable minds *702 must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Employers' Surplus Line Ins. Co. v. City of Baton Rouge, supra, Andrew Development Corp. v. West Esplanade Corp., supra; Morgan v. Matlack, Inc., supra; Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976). The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of summary judgment and in favor of a trial on the merits to resolve disputed facts. Employers' Surplus Line Ins. Co. v. City of Baton Rouge, supra; Andrew Development Corp. v. West Esplanade Corp., supra, Morgan v. Matlack, Inc., supra, Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963)."
The pertinent provisions of the policy in question are as follows:
 ACCIDENT HOSPITAL
 INDEMNITY-ANY
PART I ACCIDENT 
If such Injuries shall be substained by the Insured and the Insured shall be continuously confined as a resident in-patient within the a hospital, the Company will pay, beginning with the first day of confinement, when such confinement occurs within ninety days of the date of the accident, an indemnity up to the lifetime of the Insured at the rate of $30.00 a day.......... $900.00 per month and Such Injuries are effected in any accident:
By being struck or knocked down or run over; or
While driving or riding in any automobile, bus, taxicab, or truck; or
While flying or riding in any aircraft; or By drowning; or
In case of fire or smoke inhalation; or While hunting, fishing or in any sports activity; or
While at home, at work, at play, or in any other activity whatsoever.
ACCUMULATION: The monthly hospital indemnity benefit stated above will be increased five percent each six months the policy is in force up to a total maximum increase of fifty percent to a rate of $45.00 a day, or $1,350.00 per month.
 CONVALESCENT CARE
 BENEFIT ANY
PART II ACCIDENT 
If, following a period of hospitalization for which benefits are payable under Part I, the Insured shall be unable to perform each and every duty of his business or occupation, then the Company will pay the Insured for non-hospital convalescence due to Such Injuries not to exceed the number of days of such period of hospitalization as indemnity at the rate of $15.00 a day........ $450.00 per month.
 OPTIONAL MEDICAL
 BENEFIT ANY
PART III ACCIDENT 
If Such Injuries shall be substained by the Insured and shall within ninety days from the date of the accident causing Such Injuries, necessitate any hospital, medical or surgical expense at a hospital, doctor's office, clinic or elsewhere, and the Insured makes no other claim on account of Such Injuries for which indemnity is payable under any other part of this policy, the Company will pay for such expense actually incured by the Insured an aggregate sum not to exceed a maximum of $20.00.
The plaintiff argues that the terms of the policy are ambiguous and should therefore be interpreted against the insurer. In addition the plaintiff claims that the 90 day provision in the policy is contra bonus mores.
The defendant, on the other hand, avers that the terms of the policy are clear and unambiguous and that the 90 day provision is not against public policy. In support of its position the defendant cites Fontenot v. New York Life Ins. Co., 357 So.2d 1185 (La.App. 3rd Cir. 1978), writ denied, 359 So.2d 622 (La.1978) and Pierrotti v. Life Insurance Co. of Southwest, 295 So.2d 826 (La.App. 3rd Cir. 1974).
In Pierrotti, the plaintiff was not confined to a hospital during the period 90 days following the date his insurance coverage was terminated as required under the terms of the policy to provide for an extension of benefits. After reading the policy the Court found the terms to be clear and unambiguous and accordingly they were entitled to be given the effect of the law.
In Fontenot v. New York Life Ins. Co. of Southwest, supra, the court was confronted with the task of determining whether a *703 condition in a policy which required the death of the insured to occur within 90 days of the accident was against public policy. After a thorough analysis of the Louisiana Law and the laws of the other jurisdiction, the court concluded that such conditions are not contra conus mores.
In the present case, we find the terms of the policy to be quite clear and easily understood by the ordinary layman. As did the trial judge, we can find no dispute of material fact. As the appellant was not confined to a hospital within 90 days of the accident as required by the policy he was not entitled to the benefits he sought under the policy.
Appellant additionally contends that the sample copy of the insurance policy and the other exhibits attached to the motion for summary judgment were not proper evidence to be considered by the court on a motion for summary judgment. We find that his argument lacks merits as he failed to object to the attachments either in his memorandum in opposition to the motion or at the hearing of the motion. Le Blanc v. Landry, 371 So.2d 1276 (La.App. 3rd Cir. 1979). The fact that the insurance policy is an uncertified copy is not fatal to the judgment. Lala v. Schoen Life Ins. Co., 342 So.2d 1283 (La.App. 4th Cir. 1977).
Did the trial judge abuse his discretion in failing to grant plaintiff's motion for new trial? We have carefully reviewed the entire record in this matter and can find no abuse by the trial court in denying plaintiff's motion for a new trial.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.