WILLIAMS, Judge.
This matter on appeal raises the question of whether summary judgment was properly granted in favor of the defendant Bankruptcy Trustee based on the plaintiffs assertion that the Trustee is personally liable for his failure to provide insurance coverage to protect its patrons from the hotel’s insolvency. For the reasons given below we believe that a material factual issue is in dispute and defendant is not entitled to judgment as a matter or law. Accordingly, we reverse and remand for a trial on the merits.
Plaintiff, Melva Rosenberg Hobbs, filed suit on February 20, 1976, against defendant, Fontainbleau Hotel Corporation [“Hotel”] and Maryland Casualty Insurance Company, for a $38,840.25 personal injury claim. Hobbs allegedly sustained injuries as a result of a slip and fall caused by the Hotel’s negligently allowing ice and/or liquids to remain on the floor of the Hotel Lounge.
At the time of Hobbs’ alleged injury, the Hotel was in the midst of reorganization proceedings and its affairs were being managed by Co-Trustees, Warren M. Simon and Pierre Valcour Miller, who were served with the original petition. The claim against Maryland Casualty was later dismissed after it was discovered that the policy issued by Maryland Casualty to the Hotel had lapsed approximately two or three months prior to Hobbs’ alleged injury.
Plaintiff thereafter filed a supplemental and amending petition claiming that the Co-Trustees were personally liable to the plaintiff for their failure to have liability insurance in effect at the time of the alleged injury. Plaintiff also stated in the petition that the defendant is actually a lessee management company and under the terms of its lease was required to maintain public liability insurance. On September 13, 1982, Simon filed an exception of no cause of action which was later converted to a motion for summary judgment. On November 30, 1984, the trial court maintained Simon’s motion for summary judgment and dismissed the plaintiffs’ claim against him. This judgment forms the basis of this appeal.
A summary judgment may be granted by a court only if the pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Thornhill v. Black, Sivalls, and Bryson, Inc., 394 So.2d 1189 (La.1981); Barnes v. Combined Ins. Co. of America, 409 So.2d 700 (La.App. 4th Cir.1982). Whenever there remain factual issues in dispute, the court shall not grant summary judgment, but shall set the case for trial. Thompson v. South Central Bell Telephone Company, 411 So.2d 26 (La.1982).
We note at the outset that plaintiff is a post-petition claimant and since her claim was apparently not listed on the bankrupt’s schedule of debts, she is not a “creditor” within the purview of the Bank *454 ruptcy Act. U.S. Bankruptcy Code, 11 USCA Sec. 101. Therefore, she is not barred from bringing a post-petition tort claim in state court against the Hotel and its trustees when the Bankruptcy court has not exercised jurisdiction over the claim. See generally, In Re Longhorn—1979 II Drilling Program, 32 B.R. 923 (Bankr.W.D.Okl.1983).
The thrust of Simon’s argument is that he has no duty to plaintiff, either by statute or contract, to maintain liability insurance for her protection. Simon’s affidavit states that he was merely a Co-Trustee appointed by the Bankruptcy Court and his duty as a Trustee did not require him to manage the affairs of the Hotel.
Hobbs filed an affidavit wherein she stated that the maintenance of the liability insurance had been approved either directly or indirectly by the Bankruptcy Court in proceeding # 74-1307, entitled “In Re Fon-tainbleau Hotel Corporation.” She further stated that there were sufficient funds to pay the insurance premiums and there were no valid reasons for the insurance not to be in effect at the time of the injury. Further, she stated that the defendant hotel corporation is actually a lessee management company, and under the terms of the lease, it was required to maintain public liability insurance.
We find that both affidavits contain con-clusory statements of ultimate fact or law which are not supported by evidence other than mere allegations. The record of the bankruptcy proceedings was not introduced by either party. The lease alluded to by plaintiff is also not part of the record. Plaintiff’s petition and affidavit opposing summary judgment raise serious questions of fact as to whether Simon was authorized by the court to purchase liability insurance on behalf of the Fontainbleau Hotel, or was required to maintain the Hotel’s insurance pursuant to the terms of the lease.
Once this is established, the trial court can then properly address the issue of whether this constituted a breach of duty to the plaintiff.
For the reasons aforesaid, the trial court’s summary judgment in favor of Simon is reversed. Accordingly, this case is remanded to the district court for further proceedings not inconsistent herewith.
REVERSED AND REMANDED.