SEXTON, Judge.
This is an appeal from a judgment of the trial court dismissing defendant’s reconven-tional demand on an exception of improper venue. We agree that the demands at issue should be dismissed but on a different basis than that determined by the trial court.
This lawsuit, which started initially as a relatively simple suit for injunctive relief, slowly evolved into the procedural nightmare which we presently find before us. A detailed chronological sequence of the events giving rise to this appeal is necessary in order to review the complex procedural issues raised by this appeal.
On July 26, 1984, plaintiffs-appellees, the Commissioner of Agriculture and the Advisory Commission on Pesticides of the State of Louisiana, filed a petition for in-junctive relief against defendants-appellants, Transylvania Flying Service and Donald M. Johnson, individually and d/b/a Transylvania Flying Service, seeking to enjoin defendants from applying pesticides in violation of the Louisiana Pesticide Law. Plaintiffs prayed for the issuance of a tern- *746 porary restraining order, preliminary injunction and, ultimately, for a permanent injunction enjoining defendants from applying pesticides in violation of the Louisiana Pesticide Law.
On July 26, 1984, the trial court issued a temporary restraining order enjoining defendants from the application of any pesticide until such time as a hearing could be held on plaintiffs’ request for a preliminary injunction.
On August 3, 1984, a hearing was held on plaintiffs’ right to cause a preliminary injunction to issue. At this hearing, the parties entered into a stipulated judgment which was signed on August 30, 1984. This judgment, in addition to other relief,[1] ordered that a preliminary injunction be issued prohibiting defendants from applying pesticides for a fee until licensed by the Louisiana Department of Agriculture.
On October 24, 1984, defendant Donald M. Johnson filed a petition for injunctive relief in the original injunction proceedings filed by the plaintiffs, complaining that the Department of Agriculture had not complied with the stipulated judgment.[2] A temporary restraining order issued on October 23, 1984 enjoining the Commissioner of Agriculture from bringing further proceedings against Mr. Johnson.
On November 2,1984, plaintiffs filed various declinatory, dilatory and peremptory exceptions, including a declinatory exception of improper venue in response to defendants’ claim for injunctive relief. Plaintiffs contended that the parish of their domicile, East Baton Rouge Parish, was the proper parish to file suit, not East Carroll Parish.
On November 8, 1984, defendants filed an answer to plaintiffs’ original petition and asserted a reconventional demand against plaintiffs seeking monetary damages for alleged business losses sustained due to plaintiffs’ harassment. On November 26, 1984, defendants filed a supplemental reconventional demand for the purpose of naming specific individuals as defendants in its claim for monetary damages.
On December 17, 1984, in response to defendants’ reconventional demand, plaintiffs again filed various declinatory, dilatory and peremptory exceptions, together with a motion to strike. The parties subsequently agreed to submit all the exceptions and motions on the basis of written memo-randa.
Thus, in summary, plaintiffs filed for preliminary and permanent injunctions. They subsequently obtained an injunction by stipulation at the hearing on the preliminary injunction. No further action was taken on plaintiffs’ demands. The original defendants subsequently reconvened for in-junctive relief and tort damages. The original plaintiffs then excepted, contending that the original action had been terminated as a result of the previous injunction.
The trial court sustained plaintiffs’ exception of improper venue and as a result dismissed all of the claims of Transylvania Flying Service, Inc. and Donald M. Johnson. Since the trial court determined venue was improper, it did not consider any of the other exceptions and motions filed herein. From this judgment, defendants appeal.
In reaching this decision, the trial court determined that the stipulated judgment of August 30, 1984 was dispositive of the initial proceedings filed herein by plaintiffs, and as such, had become a final judgment. The trial court thus found that defendants’ reconventional demand and claim for in- *747 junctive relief in the original proceedings was a filing in a proceeding which had been concluded. As a result, the trial court dismissed defendant’s demands ruling that East Baton Rouge Parish was the court of proper venue because the relief sought was against parties domiciled in East Baton Rouge Parish, citing LSA-C.C.P. Art. 42, our general venue article. In other words, the determination that the original suit was concluded meant that the reconventional demands were actually new demands against parties domiciled elsewhere.
On appeal, defendants contend that the trial court erred in maintaining the exception of improper venue and dismissing their reconventional demand for damages in tort, citing LSA-C.C.P. Art. 74 which allows an action for recovery of damages for a quasi-offense in the parish where the wrongful conduct occurred, or where the damages were sustained. Defendants also argue that the stipulated judgment granting the preliminary injunction did not dispose of the permanent injunction sought by plaintiffs and, therefore, no final definitive judgment was rendered in the instant proceeding. Therefore, defendants argue that they should have properly been allowed to assert their reconventional demand against plaintiffs in the principal action filed by plaintiffs in East Carroll Parish. Plaintiffs have filed peremptory exceptions of res judicata, prescription, and lack of standing with this court, but have not appealed and have not answered the appeal.
Appellants are correct that our scheme of reconventional demand contemplates that a principal defendant may assert by way of reconvention any action he may have against a plaintiff regardless of connexity. LSA-C.C.P. Art. 1061. Additionally, appellant is correct that our in-junctive scheme is such that a cause of action for a permanent injunction is not concluded with the granting of a preliminary injunction. LSA-C.C.P. Art. 3601, et seq. However, the jurisprudence has recognized the parties’ right to agree that the entire case be decided on the merits at the hearing on the application for a preliminary injunction. State ex rel. Guste v. City of New Orleans, 363 So.2d 678 (La.1978); Southwest Sales and Manufacturing Company v. Delta Express, Inc. and D.E. Lester, 342 So.2d 281 (La.App. 3rd Cir.1977), writ denied, 345 So.2d 48 (La.1977); Springlake Homeowners Association, Inc. v. Pecot, 321 So.2d 789 (La.App. 4th Cir.1975).
Indeed, plaintiffs cite Guste in support of their contention that the stipulated judgment of August 31, 1984 was intended to dispense with all of the issues of this case and that since defendants did not appeal that judgment, it thus became a final judgment terminating the original proceedings.
In Guste, the State of Louisiana sought declaratory and injunctive relief against the City of New Orleans, alleging that a city ordinance which permitted parish judges to receive from the city an annual sum equal to one-half their contribution to the State Employee’s Retirement System was unconstitutional. Also named as defendants were the city’s mayor, administrative and finance officers. The state originally sought a preliminary injunction to enjoin the enforcement of this ordinance, which was denied. This judgment was appealed to the Fourth Circuit Court of Appeal, which affirmed the trial court’s decision. The state applied for a writ of certio-rari, which the Supreme Court declined to consider because it was filed untimely. Af-terwards, the state filed a motion in district court for a permanent injunction. The state also filed a second suit in district court alleging that the ordinance was unconstitutional, and seeking a permanent injunction to enjoin the judges of Orleans Parish from accepting sums under this ordinance. Named as defendants were all judges of Orleans Parish receiving reimbursements under the ordinance. Judge Frank J. Shea, who had intervened in the state’s previous suit, excepted on the grounds of lis pendens and res judicata. The trial court maintained Judge Shea’s exception of res judicata.
*748 On appeal, the Louisiana Supreme Court affirmed the trial court’s action in maintaining Judge Shea’s exception of res judi-cata. The court found that the parties had agreed that all of the issues in the case would be decided on the merits at the hearing on the preliminary injunction and thus concluded that the issues dealt with by the stipulation were res judicata precluding new demands in that regard.
Absent State ex rel. Guste v. City of New Orleans, supra, we might be inclined to agree that defendants’ reconventional demands were appropriate since they were filed in what appears to be a pending action for a permanent injunction. However, as we appreciate the import of State ex rel. Guste v. City of New Orleans, supra, it is that if the parties specifically agree that the preliminary injunction is intended to resolve the entire matter — i.e., the permanent injunction as well, then those issues which were so resolved are res judicata and thus are concluded.
Therefore, we must determine what issues were encompassed in the stipulated judgment signed August 30, 1984 in order that we can properly ascertain whether that judgment passed on the merits of the case. Plaintiffs’ original petition complained of defendants’ application of pesticides without being properly licensed. The result sought was to enjoin defendants from applying pesticides without a proper license in violation of the law. From our review of the stipulated judgment, it appears that plaintiffs achieved this result. The defendants were indeed enjoined from applying pesticides until properly licensed by the Louisiana Department of Agriculture.
We note that by its terms the signed judgment in this cause states that a preliminary injunction was being issued. However, of particular note is that at the time counsel for defendants was advising the judge that stipulations had been agreed to, he went on to state, “We are going to resolve everything, judge.” Moreover, counsel for defendants read the stipulation into the record and on each occasion when he spoke of the injunctive relief to be granted, he used the phrase “stipulated injunction” rather than “stipulated preliminary injunction.” Thus, it appears that when the stipulation was entered the parties intended that all injunctive issues would be resolved. We are therefore unable to distinguish this cause from State ex rel. Guste v. City of New Orleans, supra.[3]
We therefore agree that the Guste holding mandates a determination that plaintiff’s original cause of action became a final judgment not susceptible of a recon-ventional demand after the passage of appeal delays. We also agree that this finding mandates dismissal of the demands of the plaintiffs-in-reconvention. However, we conclude that this dismissal should have been on a different basis than that of improper venue as determined by the trial court.[4]
*749 In Hayes v. Muller, 248 La. 934, 183 So.2d 310 (La.1966), the Supreme Court was presented with an analogous situation. In that ease, plaintiffs alleged an oral agreement between themselves and Muller to acquire mineral royalties and leases for their common benefit. The petition was later dismissed with prejudice after an exception of no cause of action was maintained. Notwithstanding, plaintiffs filed a pleading styled as a supplemental and amending petition in those dismissed proceedings, seeking recovery from the defendant on a quantum meruit or a quasi-contract basis. The Supreme Court held that the so-called supplemental and amending petition neither supplemented nor amended the previously filed petition. The court also held the amending petition could not be regarded as an alternative demand since there was no existing demand to supplement and dismissed the new demand. See also, Barnes v. Combined Insurance Company of America, 409 So.2d 700 (La.App. 4th Cir.1982).[5]
Therefore, we determine that just as in Hayes v. Muller, supra, the instant plaintiffs-in-reconvention’s demands have been filed in a terminated lawsuit. They are therefore not viable and should be dismissed without prejudice.[6]
Defendants-in-reconvention filed any number of exceptions in the trial court which might serve as the basis for that dismissal on the authority of Hayes[7] However, as we previously noted, defendants-in-reconvention have neither appealed nor answered the appeal. They have, however, filed certain exceptions in this court. Among them is an exception labeled as the peremptory exception of “Lack of Standing.” Although that exception is not specifically listed as a peremptory exception, the listed peremptory exceptions are not exclusive. LSA-C.C.P. Art. 927. We may consider the peremptory exception filed in this court if the ground thereof appears of record. LSA-C.C.P. Art. 2163. Moreover, the captions of pleadings are to be liberally construed. LSA-C.C.P. Art. 865; Jackson v. Housing Authority of New Orleans, 478 So.2d 911, (La.App. 4th Cir.1985).
We thus determine that the exception filed in this court styled as a peremptory exception of Lack of Standing sufficiently strikes at the legal deficiency of the reconventional demand. We, therefore, sustain that exception and dismiss without prejudice plaintiffs-in-reconvention’s demands which are the subject of this appeal at appellants’ cost.
APPELLATE EXCEPTION AFFIRMED and DEMANDS DISMISSED.

. In addition, the parties resolved other peripheral matters between them which were not raised by plaintiffs' petition, or by any demand of the defendant existing at that time. These matters included such things as the registration of defendants’ airplanes and defendant Donald M. Johnson’s application for commercial applicator certification and owner-operator’s license, as well as the dates by which Mr. Johnson was to submit his applications for these certifications.

. Specifically, defendant complained that the Department used evidence adduced pursuant to the stipulated judgment to form the basis for filing new charges of violations of the Louisiana Pesticide Law, based on events already covered in the judgment.

. While the factual statement of Guste is not entirely specific on the point, we gather that in Guste, just as in the instant case, the minutes and the judgment both reflect that only a preliminary injunction was being granted.

. If plaintiffs-in-reconvention’s demands are subject to dismissal as a result of the venue exception, they are first entitled to an opportunity to amend to try to cure the defect. LSA-C. C.P. Art. 932.
Plaintiffs-in-reconvention seek both injunctive and tort relief. The venue for tort demands is in the parish where the wrongful conduct occurred or where the damages were sustained. LSA-C.C.P. Art. 74. Generally speaking, where there is venue for part of plaintiffs lawsuit in any parish, there is venue as to all demands in that parish, whether plaintiff seeks a single remedy based on one or more theories of recovery, Reeves v. Dixie Brick, Inc., 403 So.2d 792 (La.App. 2d Cir.1981); Albritton v. McDonald, 363 So.2d 925 (La.App. 2d Cir.1978), writ refused 366 So.2d 561 (La.1979); Thibodeaux v. Hood Enterprises, Inc., 415 So.2d 530 (La.App. 1st Cir.1982); or whether plaintiff seeks two separate remedies, such as damages and an injunction, arising out of what is generally a single set of circumstances. Smith v. Baton Rouge Bank and Trust Company, 286 So.2d 394 (La.App. 4th Cir.1973). Thus if plaintiffs-in-reconvention were damaged in East Carroll parish, venue appears proper there. Note that the reconvention did not state where the alleged tort damages occurred.

.In Barnes, the trial court refused to allow an amended petition determining that the lawsuit sought to be amended was concluded. The Court of Appeal agreed and affirmed the dismissal of the demands represented by the amended petition.

. In Hayes, the Supreme Court stated that plaintiffs remedy was to file a new and separate suit.

. While several trial court exceptions were filed in Hayes, the Supreme Court did not say which specific exception was the basis for dismissal.