ALFORD, Judge.
Plaintiff Earl Ward appeals the dismissal of two lawsuits filed in Terrebone Parish. Both suits were dismissed on peremptory exceptions raising the objection of prescription.
FACTS
The chronology of the actions taken in three lawsuits is necessary to dispense with this appeal. On June 18, 1981, plaintiff filed a petition in Orleans Parish against Travelers Insurance Co., alleging personal injuries and property damage arising out of an automobile accident which occurred in Terrebonne Parish on May 11, 1981. No declinatory exception raising the objection of improper venue was filed, due to plaintiffs allegation in the petition that the accident occurred in Orleans Parish. After filing four amended petitions, one of which named Firemen’s Insurance Co. as defendant, plaintiff signed a motion to dismiss submitted on behalf of all parties requesting that the trial judge dismiss the action with prejudice. An order dismissing this lawsuit against Travelers “with prejudice, reserving rights against any other responsible persons, at cost of defendant,” was signed on June 23, 1982.
On April 5, 1983, nearly a year after the dismissal with prejudice of the Orleans Parish lawsuit, plaintiff filed a fifth amended petition in this suit, alleging a second accident had occurred in Terrebonne Parish on September 11, 1982. Plaintiff apparently attempted to resurrect the dismissed lawsuit and cumulate another action against other defendants on a separate accident. A dilatory exception raising the objection of improper cumulation of actions was sustained, and plaintiff was granted thirty days to correct the defect. Plaintiff, however, declined to follow the court’s order *268 and filed a sixth amended petition on March 1, 1984. Defendants then filed a declinatory exception raising the objection of improper venue, which exception was sustained. A motion for a new trial was denied, and the Fourth Circuit Court of Appeal granted writs, affirming the trial court’s dismissal of the suit against Firemen’s Insurance Co. The Fourth Circuit also noted that defendants and the court were misled by plaintiff’s allegations as to venue. The Louisiana Supreme Court denied plaintiff’s application for writs.
During the pendency of the proceedings in Orleans Parish, plaintiff filed two identical lawsuits in Terrebonne Parish, which suits are the subjects of the present appeal. Terrebonne I was filed on April 13, 1984, based on the two accidents which occurred on May 11, 1981, and September 11, 1982. Terrebonne II was filed on October 26, 1984, based on the same two accidents. Both suits named as defendants Firemen’s Insurance Co., Kemper Group and/or Lumbermen’s Mutual Casualty Co., Lucas Mar-cello & United States Fidelity & Guaranty Co., and Louisiana Farm Bureau Mutual Insurance Co.
Terrebonne I was dismissed on March 7, 1985, on a peremptory exception raising the objection of prescription. Plaintiff filed a notice of intention to apply for writs or alternatively for appeal on March 25, 1985. The trial judge refused to sign this document as an improper cumulation of motions. He then instructed his secretary to telephone plaintiff and ascertain his intent. During an evidentiary hearing held on October 1, 1985, the trial judge, his secretary and law clerk testified that plaintiff had instructed the judge’s secretary to tear up this purported motion to appeal. Plaintiff denied giving any such instruction. Since the testimony during this conversation was conflicting as to how the document was instructed to be handled, plaintiff was allowed to file a motion and order for appeal on October 21, 1985.
Defendants filed a peremptory exception raising the objection of res judicata in Ter-rebonne II. Their previously raised objection of prescription was sustained, and Ter-rebonne II was dismissed on this basis on August 9, 1985. Plaintiff then perfected a timely appeal from Terrebonne II. The belated appeal from Terrebonne I and the timely appeal from Terrebonne II have now been consolidated before this court.
RES JUDICATA
Although peremptory exceptions raising the objection of res judicata were filed in the trial court in both lawsuits, both suits were dismissed on the objection of prescription. Defendants raised the objection of res judicata in this court on October 25, 1985, in response to both appeals. The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record. La.C.C.P. art. 2163. Defendants have requested that their objection of res judicata be decided first.
The doctrine of res judicata conclusively presumes the correctness of a judgment and precludes the relitigation of the judgment. Dornak v. Lafayette General Hospital, 399 So.2d 168, 171 (La.1981). When the judgment no longer can be litigated, it is said to have the authority of the thing adjudged. La.C.C. art. 3556(31). Re-litigation of the object of a judgment is barred by the doctrine of res judicata when (1) the thing demanded is the same; (2) the demand is founded on the same cause of action; and (3) the demand is between the same parties and is formed by them against each other in the same quality. LSA-R.S. 13:4231. See McGowan v. Ramey, 484 So.2d 785, 789 (La.App. 1st Cir.1986).
The Orleans Parish lawsuit was dismissed with prejudice. La.C.C.P. art. 1673 provides that “a judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial.” This lawsuit therefore culminated in a “definitive judgment.” Cooper v. Louisiana Farm Bureau Casualty Insurance Company, 481 So.2d 611, 615 (La.1986). Plaintiff may not then file an amended petition in a dismissed lawsuit. See Hayes v. Muller, 248 La. 934, 183 So.2d 310 (1966).
*269 Whether the Orleans Parish suit is res judicata as to Terrebonne I depends on if they involve the same thing demanded, same cause of action, and same parties. The Orleans Parish suit prayed for $450,-000.00 in damages arising out of the May 11, 1981, accident and named as defendant Travelers Insurance Co. Terrebonne I prayed for $2,000,000.00 in damages arising out of both the May 11, 1981, and September 11, 1982, accidents and named as defendants Firemen’s Insurance Co., Kemper Group, Lucas Marcello and United States Fidelity and Guaranty, and Louisiana Farm Bureau Mutual Insurance Co. Although the thing demanded was the same (damages), an additional cause of action and additional defendants were named in Terrebonne I. The Orleans Parish suit is therefore not res judicata as to Terre-bonne I.
Terrebonne I is also not res judicata as to Terrebonne II. Although both suits prayed for $2,000,000.00 in damages arising out of both accidents and named the same four defendants, Terrebonne I has no final and definitive judgment at this point. La.C. C.P. art. 2166.
PRESCRIPTION
We now address the issue of prescription. Although we have some doubt as to whether plaintiffs attempt to timely appeal Terrebonne I is valid, the action of an appellate court, in dismissing an appeal as abandoned, must always be reasonably exercised with due consideration being given to the principle that the law favors appeals. Perkins v. Coker, 404 So.2d 902 (La.1981). We will therefore dispose of plaintiff’s appeals on the merits.
Terrebonne I was filed on April 13, 1984, alleging the two accidents occurred on May 11, 1981, and September 11, 1982. Terrebonne II was filed on October 26, 1984, based on the same two accidents. They have both prescribed on the face of the petitions unless prescription was interrupted. La.C.C. art. 3492. Plaintiff claims La.C.C. art. 3462 applies to interrupt prescription since his 5th amended petition filed April 5, 1983, in the Orleans Parish suit should be considered a “new suit.” He further contends that although this petition was filed in an improper venue, it was served on April 11 and 18, 1983, in time to interrupt prescription.
Once the Orleans Parish suit was dismissed with prejudice on June 23, 1982, plaintiff could not continue to amend his petition to interrupt prescription since the suit was no longer in esse. Hayes, 183 So.2d at 313. La.C.C. art. 3462 only applies to service of a viable suit commenced in an incompetent court. Although the Orleans Parish judgment contained a “reservation of rights” clause, Terrebonne I and Terre-bonne II were filed more than a year after this judgment was signed. We agree with the trial court that Terrebonne I and Terre-bonne II have prescribed on their face.
CONCLUSION
For the above and foregoing reasons, the judgments sustaining the peremptory exceptions raising the objection of prescription as to Terrebonne I and Terrebonne II are affirmed. All costs are to be paid by plaintiff-appellant, Earl Ward.
AFFIRMED.