PRICE, Judge.
This is a review on appeal of the dismissal by the trial court of plaintiffs’ demands against a lending broker and a building and loan 'institution from plaintiffs’ action in redhibition under Louisiana Civil Code Articles 2520-2540.
Mr. and Mrs. Floyd Eugene Ready brought suit against W. S. Rhea, Elmer L. Berry and Rose Park Builders, Inc., asking that the sale of a residence situated on Lot 24, Country Club Hills Subdivision, Unit 3, of the City of Shreveport, be rescinded because of alleged redhibitory vices in the construction thereof. These aforenamed defendants built and sold the home to plaintiffs. The Acadian Mortgage Corporation and Home Federal Savings & Loan Association of Shreveport were also named as co-defendants in plaintiffs’ petition. It is alleged that a mortgage and note were executed by plaintiffs in favor of Acadian Mortgage Corporation at the time of the sale of the property to procure funds for the purchase price, and that Home Federal had agreed to purchase the mortgage note from Acadian after completion of the loan closing transaction. The petition simply alleges that Acadian and Home Federal were active participants in the construction of the residence by virtue of having approved the plans and specifications submitted to them prior to the beginning of construction, and that they had actual or constructive knowledge of the defects alleged to have occurred in the construction.
Plaintiffs’ prayer asks the court to grant judgment against all defendants in solido rescinding the sale, and to award them the sum of $8,049.51 for expenses incurred and costs of improvements made on the residence. The plaintiffs further ask that they be relieved of all responsibility under the note and mortgage executed to Acadian and Home Federal.
Defendant, Home Federal Savings & Loan Association, filed an exception of no right or cause of action based on the following :
1. That it was not a party to the sale which plaintiffs are attempting to rescind.
2. That plaintiffs have not offered to restore it to a status quo by returning the proceeds of the mortgage loan.
*562 3. That it is a holder in due course of the mortgage involved herein, and holds the mortgage free from any defects of title from prior parties.
Acadian Mortgage corporation also filed an exception of no cause or right of action, asserting in addition to those defenses common with Home Federal, that it had assigned the mortgage note without recourse, and, therefore, had no further interest in same, and that the plaintiff, Mrs. Ready, has no right to sue because only the husband may act for the community of ac-quets and gains.
These exceptions were tried, along with a plea of vagueness entered by Acadi-an, and the trial judge rendered judgment sustaining the exception of no cause of action filed by Acadian and Home Federal, and dismissed plaintiffs’ demands against these two defendants. The court also sustained the exception of vagueness, and although counsel have commented in brief and oral argument on the ruling of the trial court on the exception of vagueness, this is an interlocutory order, is not ap-pealable, and no discussion of this exception is necessary by this court. LSA-C.C.P. Art. 2083.
By the very nature of the action in redhibition as defined in Articles 2520 through 2540 of the Louisiana Civil Code, the suit must be brought by the purchaser against the seller or vendor of the property in question. The action is based on the obligation of warranty imposed on the seller by Article 2476 of the Civil Code. Plaintiffs’ petition, and the documents attached thereto, clearly reflect that neither Acadian Mortgage Corporation nor Home Federal Savings & Loan Association were parties to the sales agreement by which plaintiffs purchased the property in question.
The only allegations of fact contained in plaintiffs’ petition by which they attempt to hold these exceptors liable as defendants in solido with the defendants named as vendors are the assertions that they actively participated in the building of the residence by having approved the plans and specifications prior to the beginning of construction. This allegation in no way could be construed to create any privity between exceptors and the plaintiffs-purchasers. In the event these plaintiffs have a just cause under the law on redhibitory vices, they may exercise their rights against the remaining defendants who were their vendors in the deed of acquisition.
We are of the opinion that the trial judge was correct in sustaining the exception of no cause of action filed in behalf of the defendants, Acadian Mortgage Corporation and Home Federal Savings & Loan Association.
For the foregoing reasons the judgment appealed from' is affirmed at appellants’ cost.