ELLIS, Judge.
Plaintiff, Floyd Fanguy, alleges that he was injured on February 16, 1976. He brought these two suits, No. 12609 for workmen’s compensation benefits and No. 12610 for damages for personal injuries. In both cases, Jimmy Duthu and Danny Duthu were named as defendants. These cases were consolidated in the trial court.
In case No. 12609, defendant filed a peremptory exception of failure to join an indispensable party. No further action has been taken in that case, the exception not having been heard and no judgment having been rendered therein. It is not, therefore, before us, despite the order of consolidation.
In case No. 12610, the tort suit, the defendants filed peremptory exceptions of no right of action, no cause of action and failure to join an indispensable party. The first exceptions are based on the allegations that plaintiff was injured in the performance of his work as a washer supervisor at Gold Crest Cleaners, Inc., and that his only remedy is under the Workmen’s Compensation statutes. The exception of failure to join an indispensable party is based on the allegation of employment by Gold Crest, and a further allegation that plaintiff was not in the employ of Jimmy and Danny Duthu.
Shortly thereafter, plaintiff filed an amended petition, naming “Gold Crest Cleaners” as party defendant. On October 13, 1978, a hearing was held on the exceptions of no right and no cause of action, after which the exceptions were maintained, and a judgment signed, dismissing No. 12610. From that judgment plaintiff has appealed.
Of course, the exception of no right of action should have been overruled, since plaintiff obviously has the capacity to bring a suit for his own personal injuries.
For purposes of the exception of no cause of action, no evidence may be received, and all well pleaded allegations of the petition are taken as true. Article 931, Code of Civil Procedure. Plaintiff has alleged in his petition that he injured his right arm on February 16, 1976, because of the negligence of Jimmy and Danny Duthu in a number of respects which are detailed in the petition, and asks for damages arising therefrom. These allegations, taken as true, set forth a cause of action.
*1202 However, plaintiff further alleged that Jimmy and Danny Duthu were his employers. This allegation, taken as true, would limit the cause of action against those defendants to one in workmen’s compensation rather than tort. R.S. 23:1032 and 1101.
It may be that the foregoing fatal defect in plaintiffs petition could be removed by amendment. Plaintiff was not afforded this opportunity, as required by Article 934 of the Code of Civil Procedure.
The judgment appealed from is therefore reversed and set aside; plaintiff is granted 15 days from the effective date of this judgment within which to amend his petition to state a cause of action; and the case is remanded to the trial court for further proceedings in accordance with law. Defendant shall pay all costs of this appeal, with all other costs to await final disposition of the case on its merits.
REVERSED AND REMANDED.