381 So.2d 942 (1980)
Albert A. BROUSSARD et al., Plaintiffs,
Albert A. Broussard, Appellant,
v.
John Harry BROUSSARD, Defendant-Appellee.
No. 7502.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1980.
*943 Lucius A. Hornsby, Jr., Lafayette, for plaintiffs and appellant.
J. Nathan Stansbury, Lafayette, for defendant-appellee.
Before DOMENGEAUX, FORET, and SWIFT, JJ.
DOMENGEAUX, Judge.
Albert A. Broussard (hereinafter referred to as "appellant") appeals from a judgment dismissing his suit on exceptions of vagueness and of no cause of action.
Appellant is a former employee of the Vermilion Parish Police Jury. His employment was terminated in 1977. Subsequent to his dismissal, appellant and three former fellow employees filed suit against defendant, John Harry Broussard, alleging he "made statements which were detrimental to the employer-employee relationship between petitioners and their said employer."[1] Plaintiffs further alleged that defendant's statements constituted wrongful intervention in the employment relationship between plaintiffs and the Vermilion Parish Police Jury and caused plaintiffs to be "discriminatorily terminated from their work. . ." Each of the plaintiffs sought $25,000.00 in damages.
In response to this petition, defendant filed a dilatory exception of vagueness and a peremptory exception of no cause of action. The trial court, in a brief minute entry judgment, sustained both exceptions and dismissed plaintiffs' suit. We find that the able trial judge erred in dismissing plaintiffs' suit without first giving plaintiffs an opportunity to amend their petition.

EXCEPTION OF VAGUENESS
In his exception of vagueness, defendant alleged "[t]he petition does not state how and by what action defendant cost plaintiffs their jobs with the Vermilion Parish Police Jury." Defendant characterized the allegations in the petition as being vague, general, and indefinite.
The purpose of the exception of vagueness is to place the defendant on notice of the nature of facts sought to be proved so as to enable him to prepare his defense. This exception does not tend to defeat the action but merely retards its *944 progress. Washington v. Flenniken Construction Company, 188 So.2d 486 (La.App. 3rd Cir. 1966). By sustaining the exception and dismissing the action without first giving plaintiffs an opportunity to amend, the trial court granted defendant relief for which he did not ask and to which he was not entitled.
The defendant asked the trial court to order plaintiffs to amend the petition by particularizing the vague, general, and indefinite allegations made in the petition. He did not request that the case be dismissed. Article 933 of the Louisiana Code of Civil Procedure, quoted below, directs that an opportunity to amend a vague petition must be given by the trial court:
"Art. 933. Effect of sustaining dilatory exception
If the dilatory exception pleading want of amicable demand is sustained, the final judgment shall impose all court costs upon the plaintiff. If the dilatory exception pleading prematurity is sustained, the suit shall be dismissed.

When the grounds of the other objections pleaded in the dilatory exception may be removed by amendment of the petition or other action by plaintiff, the judgment sustaining the exception shall order plaintiff to remove them within the delay allowed by the court; and the suit shall be dismissed only for a noncompliance with this order." (Emphasis added).
It is clear, then, that an opportunity to amend should have been granted after the trial court sustained the exception of vagueness, pursuant to Article 933 and the relief requested in the exception.

EXCEPTION OF NO CAUSE OF ACTION
Defendant filed a peremptory exception of no cause of action on the grounds that the petition failed to allege any actionable negligence on the part of the defendant. Without giving any reasons, the trial court sustained this exception also. We find that, since this exception is based on the insufficiency of allegations in the petition, (i. e. failure to allege any actionable negligence), it is in effect an exception of vagueness, and plaintiff should be afforded the opportunity to amend the petition rather than to dismiss the suit. United Carbon Company v. Mississippi River Fuel Corporation, 230 La. 559, 89 So.2d 122 (1956); Bates v. Prudential Ins. Co. of America, 192 La. 1029, 190 So. 120 (1939).
Even if the exception of no cause of action is not in effect an exception of vagueness, under Article 934 of the Code of Civil Procedure the trial court must allow the petitioner an opportunity to amend the petition when the ground for the peremptory exception can be removed by an amendment. Fanguy v. Duthu, 371 So.2d 1201 (La.App. 1st Cir. 1979); Spell v. Executive Officers, Directors, and/or Shareholders of P & W Industries, Inc., 316 So.2d 474 (La.App. 1st Cir. 1975).
We do not suggest or conclude that appellant's petition can be amended so as to state a cause of action, but since the petition is replete with vague and uncertain allegations, we likewise are unable to conclude that the petition cannot state a cause of action. Therefore, we reverse the dismissal to at least afford appellant an opportunity to amend his petition.

DECREE
For the above and foregoing reasons the judgment of the District Court dismissing appellant's suit is reversed and the case is remanded for further proceedings consistent with the views expressed herein.
REVERSED AND REMANDED.
NOTES
[1] The three other original plaintiffs were Doris L. Menard, Joseph Winters, and Joseph Chargois. Appellant and these three plaintiffs were dismissed from their jobs at the same time. However, Winters was dismissed from the suit on his own motion, and Menard and Chargois have not filed an appeal so appellant is the only one whose rights will be affected by these proceedings.