LINDSAY, Judge.
Plaintiffs appeal from a ruling by the trial court which sustained exceptions of prescription in their suit in tort and in redhibition. Plaintiffs sued for damages and other relief because of termite infestation in the home which plaintiffs purchased from the defendants, Mr. and Mrs. Carl Moore, with the aid of Century 21-Roberts Realty and Barbara Carter, real estate agents, following a termite inspection alleged to have been negligently performed by Claude Davidson, d/b/a Davidson Exterminating Service.
At the outset, we note that following the trial court’s ruling on the exception of prescription filed by Mr. and Mrs. Moore, no final judgment was signed. The trial judge filed a “ruling on exceptions” in which he stated that the exceptions of prescription filed by Mr. and Mrs. Moore, and by Claude Davidson, d/b/a Davidson Exterminating Service, were sustained. However, this “ruling” is an opinion and is not a final judgment on the exception filed by Mr. and Mrs. Moore. Therefore, because no final judgment sustaining the exceptions filed by Mr. and Mrs. Moore has been entered, that portion of this case is not before this court for consideration.
However, following the filing of the trial court’s “ruling on exceptions,” a final judgment was signed by the trial court sustaining the exception of prescription filed by Claude Davidson, d/b/a Davidson Exterminating Service and dismissing plaintiffs’ first supplemental and amending petition as to that defendant. Plaintiffs perfected an appeal from that judgment and it is that judgment which is before this court for review.
Our review of the judgment of the trial court sustaining the exception of prescription filed by Claude Davidson d/b/a Davidson Exterminating Service reveals that plaintiffs have failed to state a cause of action against Davidson in redhibition and that the claim against Davidson in tort has not prescribed.
FACTS
In 1982, Mr. and Mrs. Carl Moore engaged Century 21-Roberts Realty and Barbara Carter, real estate agents, to assist them in selling their home. In December of 1982 the plaintiffs, Mr. and Mrs. Morris A. Tillman, decided to purchase the home and a purchase contract was executed. In order to obtain financing, a termite certificate was required. The real estate agent, Barbara Carter, contacted Claude Davidson of Davidson Exterminating Service and requested a termite inspection and certificate stating that the home had been inspected for termites and that none were found. On February 17, 1983, Davidson inspected the house and issued his certificate stating that there were no termites. On February 28, 1983, the act of sale between plaintiffs and Mr. and Mrs. Moore was executed.
The Tillmans moved into the residence in early March, 1983. On March 27, 1983, they found termites in their home. The next day, the plaintiffs contacted Billy Cul-pepper of American Exterminating Company in order to have their home inspected. Mr. Culpepper located termites in the back door and in a column located at the front of the home. In order to visually determine that termites were present, Mr. Culpepper had to actually bore into the wood. When Mr. Davidson learned that termites had been discovered, he returned and made an *1069 additional inspection. Although Mr. Davidson did not locate any termites, he contacted Jack Ray of the Louisiana State Department of Agriculture for another inspection. One of Mr. Ray’s responsibilities with the Department of Agriculture was to review the work of pest control operators. Mr. Ray found live termites in the back door and in the front column, confirming the results of Mr. Culpepper’s inspection.
There was no resolution of the problem and on March 26, 1984, Mr. and Mrs. Tillman filed a suit against Clause Davidson, d/b/a Davidson Exterminating Service, for damages, alleging his negligence in conducting the termite inspection on the home just prior to their purchase. Later, the attorney representing the plaintiff withdrew as counsel. Thereafter, in April, 1984, plaintiffs obtained new legal representation. On June 14, 1985, the plaintiffs filed a “First Amending and Supplemental Petition,” reasserting the original claim for damages due to negligence and asserting a cause of action in redhibition against the original defendant, Davidson, and adding as defendants, Mr. and Mrs. Carl Moore, vendors of the Tillman residence; Century 21-Roberts Realty, the real estate agency conducting the sale of the home; and Barbara Carter, the real estate agent who actually handled the sale.
Following the filing of the First Amending and Supplemental Petition, exceptions of prescription were filed by Mr. and Mrs. Moore, as well as Mr. Davidson, directed at the allegations of this petition. On March 3, 1986, a hearing was held on the exceptions of prescription. On March 6, 1986, the trial judge, accepting the position of the defendants as stated in their briefs, sustained the exceptions of prescription “to the amending petition” and dismissed the action against these parties “for redhibition.” Plaintiffs appeal the court’s ruling sustaining the exceptions of prescription.
As previously stated, the record fails to contain a signed judgment on the exception of prescription filed by the Moores. Therefore, the issue of prescription relative to the Moores is not before this court due to a lack of jurisdiction. LSA-C.C.P. Arts. 1911 and 2083; Succession of Velasquez-Bain, 471 So.2d 731 (La.App. 4th Cir.1985); Bordelon v. Dauzat, 389 So.2d 820 (La.App. 3rd Cir.1980); and First Homestead Fed. Savings and Loan v. Henry, 479 So.2d 644 (La.App. 1st Cir.1985), writ granted 481 So.2d 621 (La.1985), Motion for Clarification granted, 483 So.2d 146 (La.1986), Motion for Reconsideration Denied, 483 So.2d 1016 (La.1986), reinstated in Court of Appeal 492 So.2d 116 (La.App. 1st Cir.1986). Therefore, our review of this case is limited to whether the claims against Davidson in redhibition and negligence have prescribed.
A. REDHIBITION
We note on our motion that the plaintiffs have failed to state a cause of action against Davidson in redhibition. LSA-C.C.P. Art. 927; Succession of Wilson v. Wilson, 446 So.2d 526 (La.App. 3rd Cir.1984). Hence, the issue of prescription is moot.[1]
An exception of no cause of action concedes, for purposes of trial of the exception, the truth and correctness of the facts pled and may be sustained only when it is clearly shown the law affords no remedy to anyone for the particular grievance alleged. Meche v. Arceneaux, 460 So.2d 89 (La.App. 3rd Cir.1984). In this case, as regards Davidson, the pleadings establish five basic facts. First, Davidson was hired by the Moores’ realtor and paid by the Moores. Second, Davidson inspected the house for termites. Third, Davidson either negligently or falsely issued a certificate stating that he found the house free of termite infestation. Fourth, the Tillmans relied on this certificate in deciding to purchase the house. Last, the house was actually infested with termites.
*1070 Additionally, an exception of no cause of action is a proper procedural device to assert that the law does not afford a remedy to a plaintiff because of a lack of privity of contract. Robinson v. North American Royalties, Inc., 463 So.2d 1384 (La.App. 3rd Cir.1985), modified on appeal, 470 So.2d 112 (La.1985).
The action of redhibition is based upon the breach of the seller’s obligation of warranty against hidden defects in a thing sold or its redhibitory vices. LSA-C.C. Arts. 2475 and 2476. Herein, there is no allegation that Davidson is, in any manner, a seller.
This court has been faced with a similar situation in Ready v. Rhea, 222 So.2d 560 (La.App. 2d Cir.1969). In Ready, the defendants brought suit in redhibition against the builder/sellers and against two savings and loans. It was alleged that the savings and loans were participants in building the house because they approved the plans and specifications of the building. The savings and loans filed exceptions of no cause of action, which the trial court sustained. This court upheld the exception of no cause of action stating that by the very nature of the action in redhibition the suit must be brought by the purchaser against the seller or vendor of the property in question. The action is based on the obligation of warranty imposed on the seller. Neither savings and loan was a party to the sales agreement by which plaintiffs purchased the property in question. This court concluded that the allegation that the savings and loans were involved in the sale of the house due to their control over the plans and specifications of the building in no way could be construed to create any privity between the savings and loans and the plaintiffs.
Likewise, it was stated in Kearney v. Maloney, 296 So.2d 865 (La.App. 4th Cir.1973) that, as to certain parties, a real estate agent and a lender, plaintiff's suit against them is not governed by that section of the code regulating actions in redhi-bition simply because there is not a vendor-vendee relationship between them.
Because the Tillmans have failed to allege any type of vendor-vendee relationship between themselves and Davidson, the petition fails to state a cause of action in redhibition against Davidson. Since we hold that the Tillmans have failed to state a cause of action against Davidson, and that plaintiffs demands in redhibition against Davidson must be dismissed, there is no issue of prescription as to the claim against Davidson by the Tillmans in redhibition.
B. NEGLIGENCE
The Tillmans’ petition establishes a cause of action against Davidson for negligently conducting his inspection of the house and issuing a certificate stating that termite infestation was not found.
Delictual actions are subject to a libera-tive prescription of one year. This prescription commences to run the day injury or damages is sustained. LSA-C.C. Art. 3492. On February 17, 1983, Davidson inspected the house and issued his certificate stating that there were no termites.
However, under the doctrine of contra non valentem, prescription on plaintiff’s cause of action is interrupted until he has knowledge, or should have had knowledge, of his cause of action. The Tillmans did not have knowledge of termite infestation until March 27, 1983. Moreover, there was no reason why they should have known of the termite infestation at any earlier date. Thus, the Tillmans had one year from March 27, 1983 within which to file suit against Davidson based upon his negligence.
Suit was filed against Davidson on March 26, 1984, claiming that Davidson was negligent in his inspection of the home for termites. Because suit was filed against Davidson within one year of the discovery of the termites in the home, the suit was timely filed.
For the foregoing reasons, we hold that: (1) We lack jurisdiction to determine if the cause of action in redhibition stated against the Moores has prescribed because the record lodged in this court does not include a signed judgment pertaining to the Moores’ exception of prescription. (2) The *1071 Tillmans’ petition fails to state a cause of action against Davidson in redhibition. (3) The cause of action alleged against Davidson in tort has not prescribed.
In light of the above, the appeal filed by plaintiffs is hereby dismissed as to defendants, Carl Leman Moore, III and Mary Jourdan Moore.
The judgment as to Claude Davidson, d/b/a Davidson Exterminating Service is recast to provide that the exception of prescription filed by Clause Davidson, d/b/a Davidson Exterminating Service is overruled to the extent that it purports to dismiss plaintiffs’ cause of action against said defendant in tort. Additionally, plaintiffs’ purported claim in redhibition against Claude Davidson, d/b/a Davidson Exterminating Service, is dismissed.
This case is remanded for further proceedings not inconsistent with the views expressed herein.
APPEAL DISMISSED IN PART; JUDGMENT AMENDED IN PART AND REVERSED IN PART AND REMANDED. Costs of this appeal to be shared equally by plaintiffs and defendants.

. By judgment filed April 1, 1986, the trial court upheld an "exception of no cause or right of action” pled by Davidson and allowed the Till-mans time to amend their petition to state a cause or right of action. The Tillmans amended their petition within this time frame by filing a "Second Amending and Supplemental Petition." Thus, we consider plaintiff's petition as finally amended.