531 So.2d 532 (1988)
Mary Catherine Huntt, wife of and Richard HERBERG, Jr.
v.
Eleanor Billiot Dixon, wife of and George DIXON, Richard Murdock, Latter and Blum, Inc. Realtors, James Williams, Williams Pest Control, Inc., Parish of Jefferson, John Bosworth, Andre Montz Appraisal Service, Inc., and Scotsdale Insurance Company.
Nos. 88-CA-160, 88-CA-289.
Court of Appeal of Louisiana, Fifth Circuit.
August 29, 1988.
Robert H. Belknap, New Orleans, for plaintiffs/appellants.
Daniel L. Morrow, Gretna, for George Dixon, defendant/appellee.
Vivian L. Madison, Donna Bossier Phillips, New Orleans, for the Parish of Jefferson, defendant/appellee.
Laurence D. Rudman, William C. Harrison, Jr., Metairie, for Andre S. Montz, Appraisal Services, Inc., defendant/appellee.
Before KLIEBERT and WICKER, JJ., and RONALD P. LOUMIET, J. Pro Tem.
*533 WICKER, Judge.
This appeal arises from a suit filed on behalf of Catherine Huntt, wife of/and Richard Herberg, plaintiffs/appellants/purchasers against Eleanor Billiot Dixon, wife of/and George Dixon, defendants/appellees/sellers urging claims of redhibition, misrepresentation, and failure to inspect renovation. Other defendants are named as well. The sole issues before this court concern the trial court's sustaining exceptions of vagueness and ambiguity, and no cause of action filed on behalf of Parish of Jefferson; granting of a motion for summary judgment in favor of George Dixon, and sustaining the exception of prescription in favor of Andre Montz Appraisal Service, Inc.
PROCEDURAL HISTORY:
On May 19, 1986 plaintiffs/appellants filed suit against several defendants. They allege on or about May 31, 1985 they entered into a contract to purchase property located in Jefferson Parish and subsequently acquired title thereto on August 1, 1985. They contend the sellers did not inform them that the property was subject to flooding. In addition they allege the following other problems: roof leakage; plumbing problems; electrical problems; use of inferior materials in the renovation and failure to inspect said renovation; separation of bedroom floor from joists; use of lead-based paint; need to replace air conditioning unit, and extensive termite damage.
Plaintiffs/appellants/purchasers also aver they were charged excessive amounts for rental of the property by defendants/appellees/sellers; were falsely informed that the sale included a "workshop" and the house was a "two-year old complete renovation."
On December 18, 1986 the plaintiffs filed their first supplemental and amending petition adding the following defendants: Parish of Jefferson, John Bosworth, Andre Montz and Andre Montz Appraisal Services, Inc. Plaintiffs allege that the Parish of Jefferson granted a permit for the renovation of the premises and failed to inspect as well as acts of negligence in general. Plaintiffs filed a second supplemental and amending petition on December 30, 1986 adding the Parish a second time and repeating the same allegations contained in the first supplement.
Plaintiffs assert that Bosworth, an employee of Andre Montz and Andre Montz Appraisal Services, Inc. misclassified the property in his appraisal as being in good condition.
A third supplemental and amending petition was filed on March 27, 1987 to urge that George Dixon (previously named as a defendant) stated that he supervised the renovation work, and further indicated that said renovation was performed in an "excellent manner" when in fact it was inferior work. In the third supplement plaintiffs also added Williams Pest Control, Inc.'s insurer Scottsdale Insurance Company as a defendant.
On May 15, 1987 plaintiffs filed a fourth supplemental and amending petition in which they incorrectly allege that their fourth petition was filed "as authorized by order of the Court, verbally stated on the 1st day of May, 1987, granting plaintiffs fifteen days within which to supplement and amend their petition ..." The fourth supplement alleges further factual allegations of negligence against the Parish of Jefferson.
However, we do not consider the fourth supplemental and amending petition filed on May 15, 1987 as it was filed after the Parish of Jefferson had been dismissed from the suit with prejudice by judgment dated May 5, 1987. Despite plaintiffs' assertions to the contrary in the fourth supplement, the May 5, 1987 judgment did not give plaintiffs leave to amend. We therefore follow the holding in Hayes v. Muller, 248 La. 934, 183 So.2d 310 (1966) that "when the action [is] dismissed [on the basis of sustaining peremptory exceptions] that was the end of the case; it was then finally closed and, when plaintiffs instituted the present demand, they could not procedurally assert it by way of a so-called amending petition ..." Id. 183 So.2d at 313.
*534 The Parish of Jefferson filed the dilatory exceptions of vagueness and ambiguity and the peremptory exception of no cause of action along with an exception to venue on February 7, 1987. On May 5, 1987 the trial judge granted judgment in favor of Parish of Jefferson on its exceptions of vagueness, ambiguity and no cause of action, dismissing the Parish from the suit with prejudice. No ruling was made on the exception to venue. Appellants have appealed from the May 5, 1987 judgment.
On February 20, 1987 George Dixon filed a motion for summary judgment urging that he was not a party to the sale of the property since the property was his wife's separate and paraphernal property. He attached an affidavit executed by Eleanor Billiot Dixon, his wife, in which she averred that she was sole owner of the property. George Dixon also attached his affidavit stating that he was not the owner of the property.
On March 30, 1987 George Dixon's motion for summary judgment was granted and he was dismissed from the proceeding. Appellants have appealed that dismissal.
Interestingly, on April 23, 1987 George Dixon, who had been dismissed from the suit on March 30, 1987, filed exceptions of vagueness, improper cumulation of actions, no right of action and no cause of action. The trial court ruled on these exceptions on May 28, 1987 again dismissing George Dixon from the suit. We note that the judgment of March 30, 1987 was not the granting of a motion for partial summary judgment only as to the issue of ownership of the property in question at the time of the sale but operated instead as the granting of a full summary judgment "rejecting plaintiff's demands against [George Dixon] and dismissing him from these proceedings [emphasis added]."
Since George Dixon had been dismissed from the suit as of March 30, 1987 there was no proceeding existing against George Dixon at the time he filed his exceptions on April 23, 1987. In fact both the original petition and the supplemental petition adding further allegations against George Dixon were filed before the trial court's granting of the motion for summary judgment on March 30, 1987.
We hold that the judgment of May 28, 1987 sustaining the exceptions filed by George Dixon is invalid. See, Hayes, supra. Therefore, we do not consider appellants' appeal from the May 28, 1987 judgment as that judgment is invalid and without effect.
On September 17, 1987 Andre S. Montz Appraisal Services, Inc. filed a peremptory exception of prescription. Later, on October 27, 1987 it filed a motion for summary judgment. The trial court sustained the exception of prescription on December 23, 1987, dismissing the suit against Andre S. Montz Appraisal Services with prejudice. The trial court made no ruling on the motion for summary judgment and merely dismissed it as being moot.
We now consider appellants' appeal from the following judgments:
1. The March 30, 1987 judgment rendered in favor of George Dixon on his motion for summary judgment;
2. The May 5, 1987 judgment in favor of the Parish of Jefferson on its exceptions of vagueness, ambiguity and no cause of action, and
3. The December 23, 1987 judgment in favor of Andre S. Montz Appraisal Service, Inc. sustaining its exception of prescription.
With regard to the above three judgments, appellants have raised the following specifications of error:
1. March 30, 1987 Judgment:
The trial judge erred in dismissing George Dixon since there were numerous issues of material fact remaining;
The trial court failed to recognize the assertions of fraud in the petition; failed to apply principles of estoppel; failed to consider commingling of community assets, and failed to apply La. Civ.Code arts. 1966, 1967, and 2547.
2. May 5, 1987 judgment:
The trial court erred in dismissing the Parish of Jefferson as the petition was not vague, and even if vague plaintiffs *535 should have been given leave to amend, and
The trial court erred in granting the exception of no cause of action when the petition alleged a duty, an undertaking of a duty and a failure to perform that duty.
3. December 23, 1987 judgment:
The trial court erred in granting Andre S. Montz Appraisal Service, Inc.'s exception of prescription by failing to recognize that the original petition was timely filed and that the supplemental petition alleged that defendants were jointly, severally, and in solido obligated to plaintiffs;
The trial judge erred in improperly applying the provisions of La.Civ.Code Arts. 3492 and 3493, and
The trial judge erred in not granting plaintiffs' request for a new trial.
Although appellants have specified as error the failure of the trial court to grant a new trial relative to the December 23, 1987 judgment, they have not briefed this specification. Uniform Rules of Courts of Appeal, Rule 2-12.4 provides in pertinent part that "[a]ll specifications or assignments of error must be briefed. The court may consider as abandoned any specification or assignment of error which has not been briefed." Accordingly, we find that appellants have abandoned their specification of error wherein they urge that the trial court erred in failing to grant a new trial relative to the December 23, 1987 judgment.
EXCEPTIONS OF VAGUENESS AND AMBIGUITY FILED BY PARISH OF JEFFERSON
The Parish of Jefferson was originally brought into the suit through plaintiffs' supplemental and amending petition filed December 18, 1986. In paragraph III of that petition plaintiffs allege that:
the defendant Parish of Jefferson had been in receipt of an application for the renovation to the subject premises. That the Parish of Jefferson granted a said permit for the renovation of said subject premises but failed to inspect the said subject premises in the following particulars: wiring, structural defects, structural configuration, plumbing, square foot requirements and the general construction of the additions to the subject premises to and including drainage, roof declinations, structural members and support, lumber utilized in the construction, and such other acts as [sic] negligence as may be proven at time of trial.
Plaintiffs further prayed that the Parish of Jefferson be held liable in solido for the amount of $489,772.22 plus costs and interest.
La.Code Civ.P. art. 891 requires that all petitions "contain a short, clear and concise statement of the object of the demand and of the material facts upon which the cause of action is based ..." Paragraph III of the supplemental petition is impermissibly vague and ambiguous in that it does not specify how plaintiffs were injured by the Parish of Jefferson. Furthermore, the petition fails to specify any facts to support the broad allegations of negligence or the basis for concluding that the Parish of Jefferson is negligent.
When the trial judge sustained the exceptions of ambiguity and vagueness he evidently concluded that it would be impossible for the Parish of Jefferson to answer these confusing allegations. We agree that these allegations do not meet the minimal standards required by La.Code Civ.P. art. 891 to place the Parish of Jefferson on notice of the charges made against it.
However, we disagree with the trial court insofar as it dismissed the suit against the Parish of Jefferson with prejudice on the basis of sustaining the exceptions of vagueness and ambiguity since plaintiffs should have been granted leave to amend. La.Code Civ.P. arts. 933; 926(5).
The Parish of Jefferson also argues alternatively that even assuming sufficient allegations were made in paragraph III of the supplement, those assertions do not state a cause of action against the Parish since the Parish has no duty to subsequent purchasers of renovated property pursuant to the Jefferson Parish Building Code and case law. As the case is presently postured *536 with insufficient allegations, we are unable to determine plaintiffs' basis for their claim of injuries and the actionable negligence so as to address the Parish's contention.
Although the parish argues in brief that it is not urging absence of duty predicated upon the public duty doctrine; nevertheless, we are guided by our Louisiana Supreme Court's interpretation of the doctrine in Stewart v. Schmieder, 386 So.2d 1351 (La.1980) and our recent explanation of an exception to the doctrine in Sunlake Apt. Resid. v. Tonti Dev. Corp., 522 So.2d 1298 (La.App. 5th Cir.1988).
Stewart, supra involved suits against the City of Baton Rouge and the Parish of East Baton Rouge for failure pursuant to the Baton Rouge Building Code to examine and inspect a structure prior to issuing a building permit; thereby allowing the construction of an unsafe structure.
In Stewart, supra the City-Parish argued that even if a duty was imposed by an ordinance there would be no liability since such a duty relative to issuing permits and inspecting construction is owed to the public in general and not to an individual.
The Stewart, supra court explained at 1356-57:
The almost universally cited authority for the `public duty doctrine' is Cooley on Torts, 4th Ed., Section 300 at 385. Cooley states:
`The rule of official responsibility, then, appears to be this: That if the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public, not an individual injury, and must be redressed, if at all, in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it, or to perform it properly, is an individual wrong, and may support an individual action for damages. The failure of a public officer to perform a public duty can constitute an individual wrong only when some person can show that in the public duty was involved also a duty to himself as an individual, and that he has suffered a special and peculiar injury by reason of its nonperformance.'
In Stewart, supra the court found that the ordinance imposed a special duty on the part of the building official to determine that building construction was safely carried out. The Stewart court further found that the duty was owed to those injured in accidents occurring during the construction of the unsafe building.
In Sunlake, supra at 1302 we noted:
the Court in Stewart did not expressly overrule the public duty doctrine, but we are mindful of the following language which is found in Stewart:

`... the mere fact that a duty is of a public nature, and benefits the general public, does not require a conclusion that the City cannot be found liable for the breach of that duty.' [Stewart, supra at 1358].
Implicit in this language is the Court's approval of at least one exception to the public duty doctrine, that is, when a specific duty has been breached by a public official. Consequently, we are unable to hold emphatically that under no circumstances could either the State or the City of Kenner be held liable in the instant case [citations omitted.]
Likewise, in the instant case we can not state that under no circumstances would the Parish of Jefferson be liable.
Additionally, we held in Sunlake, supra that the issue of whether a specific duty was owed to particular individuals or to the public "is an issue to be determined at the trial level based on the particular facts of each case." Id. at 1302.
In the instant case the petition does not specifically allege plaintiffs' basis for holding the Parish of Jefferson responsible. Therefore we are unable to determine at this time the portion or portions of the applicable building codes, if any, apply to these circumstances. Whether appellants can state facts which allege a specific duty to them by the Parish of Jefferson is an issue which is not before us at this time.
*537 We find that the exception of no cause of action is more properly based upon the insufficiency of the allegations regarding the actionable negligence. Thus, as the case is presently postured, the exception of no cause of action is more properly exceptions of vagueness and ambiguity as to negligence and plaintiffs should be given leave to amend.
Although we hold that La.Code Civ.P. art. 933 affords plaintiffs the opportunity to amend rather than to have their suit dismissed on an exception of vagueness or ambiguity, we make no determination as to whether the petition can be amended to state a cause of action. The case at bar is similar to that of Broussard v. Broussard, 381 So.2d 942 (La.App. 3rd Cir.1980) insofar as "the petition is replete with vague and uncertain allegations [so that this court is] unable to conclude that the petition cannot state a cause of action." Id. at 944.
ANDRE S. MONTZ APPRAISAL SERVICE, INC.PRESCRIPTION:
Montz was added as a defendant by a supplemental petition on December 18, 1986, more than one year from the date of the act of sale which was on July 31, 1985. The original suit against other defendants was filed on May 19, 1986.
Plaintiffs allegations toward Montz in their petition for redhibition are as follows:
Defendant John Bosworth is an appraiser for Andre Montz Appraisal Services, Inc. and was paid a fee for the appraisal on the subject property. Said appraisal classified the property as being in good condition when in truth and fact, it is not. Defendant John Bosworth conducted the appraisal and defendant Andre Montz and Andre Montz Appraisal Services, Inc. are sued herein under the doctrine of respondent superior.
Evidently plaintiffs are not suing Montz in redhibition despite the fact that their petition is styled a suit in that action since no vendor-vendee relationship is alleged. See Tillman v. Davidson, 501 So.2d 1067 (La.App. 2nd Cir.1987); La.Code Civ.P. Art. 927. Therefore, their suit sounds in tort and alleges that Montz did not exercise the proper standard of care in preparing the appraisal.
Appellants action against Montz is subject to a liberative prescription of one year. It commences to run on the day injury or damages are sustained. La.Civ.Code Art. 3492. As noted in Tillman, supra at 1070:
under the doctrine of contra non valentem, prescription on plaintiff's cause of action is interrupted until he has knowledge, or should have had knowledge, of his cause of action.
There was no hearing on the exception of prescription. Instead, the trial judge considered the memoranda, motions and exhibits in support of the motion for summary judgment and the exception. Appellants filed a memorandum adopting defendant's exhibits and filing an affidavit by Richard Herberg in support of their opposition. In his affidavit he states that he and his wife relied on the appraisal. He avers that on or about September 30, 1986 an expert apprised them of numerous defects not visible to the naked eye.
However, in answer to interrogatories, the plaintiffs stated that they had not received the appraisal until Mrs. Herberg (plaintiff) requested it. Said appraisal was received in September 1985. Therefore, September, 1985 was the month during which prescription began to run assuming that a cause of action in negligence would lie against an appraiser by a purchaser under the circumstances of this case. We make no determination regarding whether a cause of action lies in such an instance since we find that in any event prescription has run. As suit against Montz was not filed until December, 1986 it was not timely.
We are not persuaded by appellants' argument that time should commence running only from the date of the inspection of September 30, 1986 as plaintiffs' petition which was filed on May 19, 1986 convinces us that they were aware of allegedly significant structural problems without the necessity of having an additional expert inspection. Plaintiffs specifically allege in paragraph IX:

*538 Petitioners to this date have spent in excess of $300.00 for a roof inspection and have spent several hundred dollars making electrical repairs that should not have been necessary ... Repairs and inspections have indicated that further extensive sums are needed in order to adequately repair the subject property. Furthermore, petitioners have discovered that inspections were not conducted on the subject renovations and that inferior materials were utilized [emphasis added].
Appellants also argue that since the defendants named in the original petition are jointly and solidarily liable with Montz, the amendment adding Montz relates back to the originally timely filed petition.
We recently held that:
Article 3503 provides that the interruption of prescription against one solidary obligor is effective against all solidary obligors. We have no argument with that rule. Likewise, we agree that a party pleading prescription bears the burden of proving it. City of New Orleans v. Century Management, Inc., 442 So.2d 831 (La.App. 4th Cir.1983); Thornell v. Payne and Keller, Inc., 442 So.2d 536 (La.App. 1st Cir.1983), Writ Denied. However, we also believe that a party seeking to avoid prescription by claiming solidary liability between two or more parties bears the burden of proving that solidary relationship. See Lowe v. Rivers, 448 So.2d 848 (La.App. 2nd Cir.1984).
Caronna v. Curry, 473 So.2d 355, 356 (La. App. 5th Cir.1985). See also, Dapremont v. Kelly, 479 So.2d 30 (La.App. 4th Cir. 1985).
In the instant case plaintiffs merely allege solidary liability. Plaintiffs failed to introduce any evidence of such a relationship. We find no error in the trial court's evidently concluding that there was no evidence to support a finding of solidary liability and that prescription has tolled. Accordingly, the trial judge correctly considered the motion for summary judgment filed by Montz to be moot.
GEORGE DIXON: MOTION FOR SUMMARY JUDGMENT:
Plaintiffs/appellants' allegations concerning George Dixon sound in redhibition against a vendor. Although in both the original and third supplemental and amending petition plaintiffs/appellants assert charges of misrepresentation against George Dixon they do so in his capacity as seller.
George Dixon filed a motion for summary judgment and supporting affidavits. He asserted that he had no ownership in the property transferred to plaintiffs as the property was his wife's separate and paraphernal asset and that an action in redhibition cannot lie against him.
George Dixon's wife, Eleanor Billiot Dixon, executed an affidavit in which she averred that she alone had an ownership interest in the property sold to the plaintiffs and that her husband had no ownership interest in the property. She further attested that the property was purchased with her separate and paraphernal funds.
George Dixon's affidavit states that he never was the record owner of the property.
In opposition to motion, plaintiffs filed an affidavit executed by Richard Herberg (plaintiff) in which he asserted further allegations of misrepresentation on the part of George Dixon as seller. He contends that George Dixon and Eleanor Billiot Dixon together executed a mortgage on the property which gave George Dixon an interest. No evidence was introduced disputing the assertion that George Dixon was not a record owner of the property. Instead, plaintiffs argue that George Dixon was paying the mortgage on the house.
The trial judge correctly concluded that George Dixon was not the record owner of the property. Since George Dixon was not a vendor, a suit in redhibition will not lie against him. Tillman, supra.
Accordingly, for the reasons stated, we decree:
1. The judgment rendered on May 28, 1987 sustaining the exceptions filed by George Dixon is invalid.

*539 2. The fourth supplemental and amending petition filed by plaintiffs/appellants on May 15, 1987 is without effect. We do, however, grant plaintiffs/appellants leave to amend their petition against the Parish of Jefferson as follows:
We revise that part of the judgment of May 5, 1987 dismissing the Parish of Jefferson and grant plaintiffs/appellants a reasonable time in which to amend their petition, to be fixed by the trial court, and as revised, we affirm the May 5, 1987 judgment sustaining the exceptions of vagueness and ambiguity. We remand for additional proceedings. Defendant/appellee, Parish of Jefferson is not precluded from reasserting its exception of no cause of action after amendment.
3. We affirm the December 23, 1987 judgment in favor of defendant/appellee, Andre S. Montz Appraisal Service, Inc., and against plaintiffs/appellees, Catherine Huntt wife of/and Richard Herberg.
4. We affirm the March 30, 1987 judgment granting a full summary judgment dismissing George Dixon.
REVISED AND AS REVISED, AFFIRMED AND REMANDED.
KLIEBERT, J., concurs.
KLIEBERT, Judge, concurring.
As I understand the majority opinion, the following judgments of the trial court are affirmed:
(a) the judgment of March 30, 1987 granting George Dixon's motion for a summary judgment of dismissal;
(b) the judgment of December 23, 1987 maintaining Andre S. Montz's Appraisal Service, Inc.'s exception of prescription;
(c) the judgment of May 5, 1987 maintaining the Parish of Jefferson's exception of vagueness, ambiguity and of no cause of action.
However, the plaintiff is granted time in which to amend his petition to state a cause of action. With these results, I concur but not necessarily for the reasons stated by the majority opinion.