615 So.2d 1104 (1993)
Mary Catherine Huntt, Wife of/and Richard HERBERG, Jr., Plaintiffs/Appellants,
v.
Eleanor Billiot Dixon, Wife of/and George DIXON, and Latter & Blum, Inc., Realtors, Merdock Richard, James Williams and Williams Pest Control, Inc., Defendants/Appellees.
No. 89-CA-586.
Court of Appeal of Louisiana, Fifth Circuit.
March 17, 1993.
Robert H. Belknap, New Orleans, for plaintiffs-appellants Mary Catherine Huntt, wife of/and Richard Herberg, Jr.
Daniel L. Morrow, Gretna, for defendant-appellee George Dixon.
Vivian L. Madison, Donna E. Powe, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendant-appellee Parish of Jefferson.
Before KLIEBERT, C.J., and DUFRESNE and WICKER, JJ.
KLIEBERT, Chief Judge.
This appeal brings this litigation before this Court for the second time.
The action is one by purchasers of real property against the alleged sellers and others for claims relating to redhibition, misrepresentation, and failure to inspect renovations.
The procedural history of the matter, which was instituted on May 18, 1986, is set out in detail in our opinion of August 29, 1988, reported at 531 So.2d 532. As will be seen by a reading thereof, three issues were presented by that appeal, namely, 1) Exceptions of Vagueness, Ambiguity *1105 and No Cause of Action filed by the Parish of Jefferson and sustained by the trial court; 2) Motion for Summary Judgment filed by George Dixon and granted by the trial court; and 3) Exception of Prescription filed by Andre Montz Appraisal Service and sustained by the trial court.
The decretal portion of our opinion of August 29, 1988, insofar as is pertinent here, is as follows:
"2. The fourth supplemental and amending petition filed by plaintiffs/appellants on May 15, 1987 is without effect. We do, however, grant plaintiffs/appellants leave to amend their petition against the Parish of Jefferson as follows:
We revise that part of the judgment of May 5, 1987 dismissing the Parish of Jefferson and grant plaintiffs/appellants a reasonable time in which to amend their petition, to be fixed by the trial court, and as revised, we affirm the May 5, 1987 judgment sustaining the exceptions of vagueness and ambiguity. We remand for additional proceedings. Defendant/appellee, Parish of Jefferson is not precluded from reasserting its exception of no cause of action after amendment.
3. We affirm the December 23, 1987 judgment in favor of defendant/appellee, Andre S. Montz Appraisal Service, Inc., and against plaintiffs/appellees, Catherine Huntt wife of/and Richard Herberg.
4. We affirm the March 30, 1987 judgment granting a full summary judgment dismissing George Dixon."
On September 27, 1988 plaintiffs filed a fifth supplemental and amending petition asserting again liability on the part of George Dixon. On November 8, 1988 the defendant Dixon filed Exceptions of 1) Vagueness, 2) Improper Cumulation of Action, 3) No Right of Action, 4) Prescription, 5) No cause of Action, and 6) Res Judicata. Judgment of the lower court rendered on February 24, 1989 and signed on March 7, 1989 sustained the Exception of Res Judicata and dismissed the suit as to Dixon at plaintiffs' costs. The judgment pretermitted ruling on the remaining exceptions which were continued without date.
The supplemental and amending petition of September 27, 1988, in addition to alleging acts of George Dixon aimed at establishing liability on his part, also contained averments with respect to the Parish of Jefferson's duty to inspect and its failure to do so or its having done so in an unauthorized manner. This amending petition was met by Exceptions of No Cause of Action and Vagueness and Ambiguity filed by the Parish on December 22, 1988. These exceptions were also heard by the trial court on February 24, 1989 and judgment rendered that day and signed on March 2, 1989 granted the Exception of No Cause of Action, giving plaintiffs fifteen days within which to amend, failing to do so, the matter to be dismissed with prejudice. The Exceptions of Ambiguity, Vagueness and No Right of Action were continued.[1]
A devolutive appeal was taken by the plaintiffs from the judgments rendered against them on February 24, 1989.
We first address that aspect of the appeal as it pertains to the judgment of the lower court which sustained the Exception of Res Judicata filed by George Dixon. In this connection, not only should the decretal portion (quoted above) of our prior opinion be noted, but also the following:
"We note that the judgment of March 30, 1987 was not the granting of a motion for partial summary judgment only as to the issue of ownership of the property in question at the time of the sale but operated instead as the granting of a full summary judgment `rejecting plaintiff's demands against [George Dixon] and dismissing him from these proceedings. [emphasis added].'"
The above makes it abundantly clear that we recognized in our opinion of August 29, 1988 that the judgment of the lower court of March 30, 1987 had granted a full summary judgment against these plaintiffs rejecting *1106 all of their demands against George Dixon. Despite what might be read as an assertion to the contrary in the brief of appellants filed in support of this appeal, no leave was granted by this Court to amend insofar as this defendant was concerned; the right to amend was granted insofar only as to the Parish of Jefferson was concerned as is seen from the portion of our decree quoted above.
The plaintiffs' fifth supplemental and amending petition does nothing more than make a further attempt to continue the proceedings against the defendant Dixon. As shown above, all demands against him were dismissed with prejudice when his Motion for Summary Judgment was granted by the lower court by judgment of March 30, 1987. La.-C.C.P. Art. 1673 provides that "a judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial." This lawsuit against George Dixon, therefore, concluded when the decision of this Court of August 29, 1988, affirming the trial court's judgment of March 30, 1987, became final.
Applicable here is language from Hayes v. Muller, 248 La. 934, 183 So.2d 310 (1966) (referred to in our earlier opinion also) wherein the Supreme Court said:
"... Here, there was no petition for plaintiffs to amend and no suit in which an alternative demand could be made. For that suit had previously been dismissed; the judgment had become final and the main demand was no longer extant so that the subsequent demand could not procedurally become an alternative demand."
The Parish of Jefferson urges that plaintiffs' appeal as to it should be dismissed for the reason that no final judgment in its favor was rendered by the Court below from which an appeal can be taken as required by Code of Civil Procedure Article 2083. In this connection, it is pointed out that the judgment which granted its Exception of No Cause of Action specifically gave "plaintiff fifteen days within which to amend his pleadings to state a cause of action and if plaintiffs fail to do so, the matter will be dismissed, with prejudice, at each party's costs." No attempt was made to amend in compliance with the judgment order; instead, the plaintiffs chose simply to appeal.
The effect of a judgment which sustains a peremptory Exception of No Cause of Action is set forth in our Code of Civil Procedure Article 934 as follows:
"When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action shall be dismissed. (Emphasis added.)"
No amendment having been made in compliance with the judgment, the mandatory provision of the above quoted article requires dismissal of the action. As the matter now stands, the judgment is not a final appealable judgment and the appeal sought to be taken from it should be dismissed.
For the reasons assigned:
The judgment appealed from maintaining the Exception of Res Judicata filed by George Dixon is correct and, therefore, affirmed.
The appeal taken from the judgment maintaining the Exception of No Cause of Action filed by the Parish of Jefferson is dismissed and the matter remanded to the lower court for judgment to be rendered by it dismissing plaintiffs' action against the Parish of Jefferson for failure to amend their petition within fifteen days of the date of the judgment.
AFFIRMED IN PART, DISMISSED IN PART, AND REMANDED.
NOTES
[1] By motion of February 17, 1989 the Parish of Jefferson had requested that the title of its Exceptions be amended to include the Exception of No Right of Action.